UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANCA HELENA GAGLIANO-McFARLAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:10-cv-00490-GZS |
| GIRI COMMUNITY DRIVE LLC, *et al.*, | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Ashish Sangani has an ownership interest and is the registered manager of multiple limited liability companies. Jesal Sangani has an ownership interest in another limited liability company of which Ashish Sangani is the registered manager. Each LLC operates or manages a different hotel property. Plaintiff Franca Helena Gagliano-McFarland ("Gagliano" or "Plaintiff") previously worked for one of these LLCs, Defendant Giri Community Drive, LLC, which operates a Holiday Inn franchise in Augusta, Maine. Gagliano alleges pregnancy discrimination and disability discrimination on the part of Giri Community Drive. Gagliano has also filed suit against and served other Sangani-owned and managed LLCs, alleging that the collection of companies are part of an integrated enterprise for purposes of assessing employer liability under federal and state anti-discrimination law. All of the Defendants presently named on the docket except Giri Community Drive have filed a motion to dismiss the complaint as against them, on the ground that they never employed Gagliano.[1] (Mots. to Dismiss, Doc. Nos. 8, 19.) Based on

---

[1] Giri Management LLC subsequently filed a separate motion to dismiss (Doc. No. 19), in which it joined in the earlier filed motion. Giri Management LLC was already styled as a movant in the initial motion. However,

certain representations made by the moving defendants, Gagliano has filed a motion for leave to file a second amended complaint to describe more accurately certain defendants and the properties they manage. As part of the proposed amendments, Gagliano seeks to add additional parties. (Mot. to Amend, Doc. No. 14.) The Court referred the motions for report and recommendation pursuant to 28 U.S.C. § 636. For reason that follow, I recommend that the Court grant the motion for leave to file the second amended complaint, in part, and deny the motions to dismiss.

## STANDARDS FOR DECISION

Pursuant to Rule 12(b)(6), a party is entitled to have a claim against it dismissed when the allegations on which the claim depends "fail[] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion under Rule 12(b)(6), the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). Pursuant to Rule 8(a), the pleader need only make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Here, moving Defendants assert that Plaintiff's factual allegations are insufficient to justify an inference that they might form an integrated enterprise with the non-moving Defendant, Giri Community Drive LLC. Moving Defendants contend that they cannot be

---

when the initial motion was filed, Giri Management LLC had yet to be served. Consequently, the motion entered at docket number 19 serves as a response to Gagliano's complaint for purposes of docket management. Resolution of the motion at docket number 8 will also serve to resolve the motion at docket number 19. There are no material differences between the two motions.

regarded as Plaintiff's employer under state and federal antidiscrimination law even under the liberal notice pleading standard of Rule 8.

Defendants' motion to dismiss challenges the allegations found in Plaintiff's First Amended Complaint.  Plaintiff now wishes to present her Second Amended Complaint and, because she has already filed one amended pleading as a matter of right, Plaintiff seeks leave of court to amend her pleading further.  Pursuant to the Rules:  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave will be granted under this standard unless the proposed amendments would be futile;  there is evidence of undue delay, bad faith or dilatory motive by the party seeking to amend;  there has been a repeated failure to cure deficiencies through prior amendments;  or leave to amend would be unduly prejudicial to the opposing party.  Id.  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Here, moving Defendants argue that the Court should deny leave to amend as futile because the amendments cannot overcome their motions to dismiss.  Because the motions to dismiss and the motion to amend join the same issue, the allegations contained in Plaintiff's Proposed Second Amended Complaint (as corrected at Doc. No. 23-1) are the allegations set out below.  The changes and corrections in this latest version of the complaint do not introduce any element of surprise or other unfair tactic and the only issue is whether the amendments are futile in terms of overcoming the motions to dismiss.

# MATERIAL ALLEGATIONS

Plaintiff Gagliano worked for Defendant Giri Community Drive LLC as a front desk clerk in its Holiday Inn in Augusta between June of 2008 and February of 2009. (Proposed Corrected Second Am. Compl. ¶¶ 1, 35.) According to her allegations, Gagliano has two permanent disabling conditions, was regarded as having such conditions, and was pregnant at the time of her discharge from employment. (Id. ¶¶ 1, 36, 37, 40, 53, 54, 60, 61, 65.) Gagliano alleges that Defendants failed to reasonably accommodate her and that her disability and her pregnancy were motivating factors in the decision to terminate her employment. (Id. ¶¶ 43, 56, 62, 66, 74, 77, 80.) Gagliano asserts her claims under Title VII, the Americans with Disabilities Act, and the Maine Human Rights Act. (Id.)

Allegations describing the several defendant entities and their level of "integration" follow. Unless otherwise indicated, the business associations described below are limited liability companies organized under Maine law and the allegations have been redacted to remove such descriptions for ease of reading. Underlined are the names of those defendants who are not yet party to this action and would only become parties following service of the second amended complaint.

> 14. Defendant Giri Community Drive, LLC owns and operates the Giri Holiday Inn in Augusta, Maine.
>
> 15. Defendant Giri Civic Drive, LLC dba Comfort Inn owns and operates the Giri Comfort Inn in Augusta, Maine.
>
> 16. Defendant Giri Hotels, LLC dba EconoLodge owns and operates the Giri EconoLodge in Freeport, Maine.
>
> 17. Defendant Giri Waterville, LLC dba Waterville Grand Hotel owns and operates the Giri Grand Hotel in Waterville, Maine.

18.  Defendant <u>Giri Glenmoor, LLC</u> dba Glenmoor by the Sea owns and operates the Glenmoor by the Sea in Lincolnville, Maine.

19.  Defendant <u>Toral, LLC</u> dba Days Inn owns and operates the Days Inn in Concord, New Hampshire.  Defendant Toral, LLC is a limited liability company organized under the laws of the State of New Hampshire.

20. Defendant <u>Hina, LLC</u> dba Pilgrim Inn owns and operates the Pilgrim Inn in Plymouth, New Hampshire.  Defendant Hina, LLC is a limited liability company organized under the laws of the State of New Hampshire.

21.  Defendant <u>Presidents' City Inn</u> is located in Quincy, Massachusetts.  Upon information and belief, Giri Hotels, LLC owns and operates the Presidents' City Inn, Quincy, Massachusetts.

22.  Defendant Giri Management, LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts.  Upon information and belief, Giri Management, LLC operates hotels in Maine, New Hampshire and/or Massachusetts.

23.  The Giri Group and its hotels are under common ownership.  Defendants Giri Holiday Inn, Giri Comfort Inn, Giri EconoLodge, Giri Glenmoor, Presidents' City Inn, Concord Days Inn, Pilgrim Inn, Giri Grand Hotel, and Giri Management, LLC are all owned by Ashish Sangani.

24.  The Giri Group and its hotels share common management.  Defendant Giri Holiday Inn, Giri Comfort Inn, Giri EconoLodge, Giri Glenmoor, Presidents' City Inn, Days Inn, Pilgrim Inn, and Giri Grand Hotel are all under the common management of Ashish Sangani.  Defendant Giri Management, LLC is under the management of Jesal Sangani who upon information and belief is related to Ashish Sangani.

25.  Ashish Sangani was the original and sole organizer of the Giri Holiday Inn, Giri Comfort Inn, Giri Grand Hotel and Giri Management, LLC.  Ashish Sangani and Jesal Sangani were the original and sole organizers of Giri EconoLodge.  Upon information and belief, Ashish Sangani was the original and sole organizer of Giri Glenmoor and Presidents' City Inn.  Upon information and belief, Days Inn and Pilgrim Inn are affiliated companies with Ashish Sangani and other Giri Hotels in the Giri Group.

26.  Ashish Sangani and Jesal Sangani both have a primary place of business at 54 Newton Avenue, Quincy, Massachusetts.

27.  On October 1, 2008, Giri Group CEO and partner Ashish Sangani issued a press release stating that the Giri Holiday Inn and the Giri Comfort Inn had been

purchased by the "Giri Hotel Corporation." Ashish Sangani stated that they "added both of these quality hotels to our growing family" and that "Giri Hotels," which was founded in 2006, would invest more than $1.5 million on property improvement and upgrades at both hotels. A copy of the press release is attached hereto as Exhibit 5.[2]

28. The Giri Group have an interrelation of operations, as employees move back and forth between the companies. When the Giri Holiday Inn and Giri Comfort Inn were purchased, Robin Doak was transferred from her position as the General Manager of the Giri EconoLodge to become the General Manager of the Giri Comfort Inn. The Giri Holiday Inn and the Giri Comfort Inn share maintenance and other staff.

29. The employees among the Giri Group socialize together at company events and attend trainings together.

30. Employees of both the Giri Holiday Inn and the Giri Comfort Inn attended joint staff meetings at the Giri Comfort Inn to discuss policy and other issues.

31. Managers, including Giri Holiday Inn General Manager Jeffrey Howes, were required to attend training at the Giri Hotels, LLC and Giri Management, LLC headquarters in Quincy, Massachusetts.

32. The Giri Group share common policies governing their employees.

33. Financial reports for Giri Holiday Inn were sent to the Giri Hotels, LLC and Giri Management, LLC headquarters in Quincy, Massachusetts.

34. At all times relevant to this complaint, Ashish Sangani took an active role in managing the Giri Hotels, and regularly traveled from the headquarters of Giri Hotels, LLC and Giri Management, LLC in Quincy, Massachusetts to oversee operations at each hotel.

(Corrected Second Am. Compl. ¶¶ 14-34, Doc. No. 23-1.)

## DISCUSSION

Under Title VII and other antidiscrimination and civil rights statutes, there is a well-recognized "single employer" doctrine, which holds that, in special circumstances, integrated business associations may be treated as a single employer even though each is a separately

---

[2] This exhibit is actually at docket number 13-1.

organized entity with a distinct legal existence.[3] Torres-Negron v. Merck & Co., 488 F.3d 34, 41-42 & n.7 (1st Cir. 2007). In this Circuit, the "integrated enterprise test" is most commonly used to determine whether two or more entities are a single employer for purposes of liability, though the First Circuit Court of Appeals has stated that it "has not yet decided what test is [most] appropriate." Id. at 42 n.8. The integrated-enterprise test supplies four factors for consideration, though not every factor is essential for a single-employer finding: (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership. The First Circuit cautions that these factors are to be applied "flexibly," and that special emphasis should be placed on the issue of control over employment decisions, the third factor. Id. at 42. To be deemed part of a single employer for purposes of liability on a discrimination claim, a related entity need not exert total control or have absolute authority in employment matters, but should participate in decision making at a level that is "sufficient and necessary to the employment process." Romano v. U-Haul Int'l, 233 F.3d 655, 666 (1st Cir. 2000). If the facts of a case are sufficient to support a finding of an integrated enterprise, then the issue is one for the fact finder to resolve at trial. Id. at 667; see also Batchelder v. Realty Res. Hospitality, LLC, 2007 ME 17, ¶ 11, 914 A.2d 1116, 1121 (giving the

---

[3] The doctrine serves to extend liability to multiple entities, but is predominantly used in order to overcome numerosity requirements, such as that contained in Title VII's definition of "employer," which limits the reach of Title VII to persons or entities having fifteen or more employees for a specified time period. 42 U.S.C. § 2000e(b). Aggregation of employees is also attempted in order to overcome statutory caps on compensatory damages (non-back pay damages) that are set in relation to a defendant's total number of employees. 42 U.S.C. § 1981(a), (b)(3); 5 M.R.S. § (2)(B)(7), (8). Reading between the lines, Plaintiff's papers suggest that Giri Community Drive did not employ fifteen or more employees and that dismissal of the other defendants would have repercussions for Gagliano's claims against Giri Community Drive as well. (See Atty. Aiello Aff., Doc. No. 13-1.) Note that in Arbaugh v. Y & H Corporation, the Supreme Court held that Title VII's fifteen-employee threshold is not a jurisdictional requirement, but rather an element of the claim. 546 U.S. 500, 516 (2006). Consequently, because the issue is not jurisdictional, there is no onus on the Court to consider materials outside of the four corners on the complaint. I see no reason for the Court to "convert" proceedings on the motions to dismiss into summary judgment proceedings, but I do note that Plaintiff has offered her own exhibits in opposition to the motions.

doctrine similar treatment for purposes of a Maine Human Rights Act claim, albeit on review for "obvious error").

The moving Defendants argue that the claims against them should be dismissed for failure to state a claim because they are not wholly-owned subsidiaries of one another and conduct "different hotel businesses on different properties under different franchise brands." (Mot. to Dismiss at 4.) They say it is not enough to allege that the same individual has a management role in all of the entities and that Plaintiff must offer specific allegations as to each defendant and its relationship to Giri Community Drive. (Id. at 5.) Citing Torres, Defendants argue that the circumstances of this case favor application of a test other than the integrated enterprise test, such as a veil-piercing test or an agency test, because they do not hold ownership interests in one another, unlike a parent-subsidiary scenario. (Id.) Relying in part on precedent from other circuits, they then argue that dismissal is called for because Plaintiff has not alleged facts calling for a veil-piercing remedy, or suggested that the Sangani principals utilize multiple LLCs specifically to avoid liability under antidiscrimination laws, or alleged that control over Giri Community Drive's employment matters is exercised by or through another Giri LLC. (Id. at 6-7.) Falling back to the integrated enterprise test, Defendants argue, in the alternative, that they cannot be treated as a single enterprise just because they act together in some ways to achieve economies of scale in relation to obtaining products and services or because someone decided that one employee should be transferred from one Giri LLC to another. (Id. at 7-8.) Finally, Defendants assert that three LLCs within their ranks were not even organized when Plaintiff lost her job, so at least they should be dismissed from this action. Id. at 9-10 (referencing Giri Glenmoore, Giri Waterville, and Giri Management and supplying documentary evidence concerning date of organization for each LLC).

In response to the motion to dismiss, Plaintiff argues that her allegations are at least sufficient to support an inference that an integrated enterprise exists and that discovery will yield evidence of the same. Plaintiff maintains that this "fact intensive" and "flexible" issue is better suited for summary judgment, following a meaningful opportunity to conduct discovery into the level of integration among these several entities. (Opp'n to Mot. to Dismiss at 1-3, 9-13, Doc. No. 13.) Plaintiff objects to the use of any test other than the integrated enterprise test and argues that sister companies can form a single employer as much as parent and subsidiaries can. (Id. at 8-9, 11.)

These arguments get double billing in relation to the parties' briefing on the motion for leave to file a second amended complaint, albeit under a "futility" heading. (Mot. for Leave, Doc. No. 14; Response to Mot. for Leave, Doc. No. 20; Reply re. Mot. for Leave, Doc. No. 23.) Defendants say leave should be denied as futile because they are not integrated. Plaintiff says leave should be granted and an opportunity for discovery should be allowed before this issue is revisited at summary judgment.

Plaintiff has the better of this argument. The integrated enterprise test has been used repeatedly by the First Circuit to evaluate single-employer claims and it is not advisable to call this contest at an early stage based on a decision that Plaintiff cannot rely on this test, as a matter of law, when so many other plaintiffs have who came before her. As for this flexible, fact-intensive test, Plaintiff's allegations, though not conclusive, generate a plausible[4] inference that

---

[4] Plaintiff spends three pages of her response arguing that the plausibility standard announced by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), should not apply in an employment context. (Opp'n to Mot. to Dismiss at 5-7.) I have not considered this to be a fruitful issue for discussion. The First Circuit has not hesitated to apply this standard in the civil rights employment context, see, e.g., Ocasio-Hernandez v. Fortuno-Burset, ___ F.3d ___, No. 09-2207, 2011 U.S. Dist. Lexis 6763, 2011 WL 1228768 (1st Cir. Apr. 1, 2011), and there is no reason to conclude that Iqbal imposes a heightened pleading standard or that evaluating Plaintiff's single-employer claim in terms of plausibility would call for dismissal at this juncture. See also Sepulveda-Villarini v.

the several LLCs may be tentacles of a larger, integrated enterprise for purposes of federal and state antidiscrimination laws. The fact that they may all be Giri "sister" companies without a parent among them is not preclusive if they were in fact integrated for employment purposes. Leaving this matter for development in discovery and resolution on a summary judgment record is both the logical approach and the approach generally taken within this district in similar contexts. See Bennett v. Roark Capital Group, Inc., 738 F. Supp. 2d 157, 161-62 (D. Me. 2010); Anderson v. Theriault Tree Harvesting, Inc., 1:08-cv-330-JAW, 2009 U.S. Dist. Lexis 72050, *7-8, 2009 WL 2490119, *2 (D. Me. Aug. 13, 2009); Ripton v. Camp Dresser & McKee, Inc., No. 07-cv-20-B-W, 2007 U.S. Dist. Lexis 59736, *3-5, 2007 WL 2343652, *1-2 (D. Me. July 31, 2007) (Rec. Dec. on Mot. to Dismiss), adopted without obj., 2007 U.S. Dist. LEXIS 64164 (D. Me., Aug. 29, 2007); cf. Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 35 n.7 (D. Me. 1992) (granting defendant's motion to dismiss but noting that plaintiff had some opportunity through discovery to investigate the matter); see also Donatelli v. Annabelle Lee, No. CV-09-196, 2010 Me. Super. Lexis 23, *6-7, 2010 WL 1558119 (Me. Super. Ct. And. Cty. Feb. 10, 2010) (MHRA) (Delahanty, J.); Batchelder v. Realty Res. Hospitality, No. CV-03-232, 2004 Me. Super. LEXIS 136, *11-12, 2004 WL 1599319, *4 (Me. Super. Ct. Pen. Cty. June 24, 2004) (same) (Hjelm, J.). That approach is appropriate here because the allegations suggest a natural relation among the entities in question and depict a history of something more than purely arm's length connections. Even as to those Giri LLCs organized after Gagliano's termination, it is plausible that they succeeded to liabilities or interests existing within the time period relevant to this action, as argued by Plaintiffs. (Opp'n to Mot. to Dismiss at 2-3 n.3.)

---

Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010) (observing that plausible allegations may well be inconclusive).

However, as for Defendants Toral and Hina, described at paragraphs 19 and 20 of the second amended complaint, the allegations are simply too sparse to raise a plausible inference that they could share liability with the other defendants. All that Gagliano alleges concerning these two defendants is that they "are affiliated companies with Ashish Sangani and other Giri Hotels in the Giri Group." A mere allegation of "affiliation" is insufficient to generate a plausible inference that Toral and Hina are part of an integrated enterprise. For that reason, I recommend that the motion to amend be denied, in part, to the extent that Gagliano seeks to introduce claims against Toral and Hina. Should discovery yield more meaningful connections, Gagliano can file a motion to amend at a later date.[5]

## CONCLUSION

For reasons set forth above, I RECOMMEND that the Court GRANT IN PART and DENY IN PART Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 14) and DENY Defendants' Motions to Dismiss (Doc. Nos. 8, 19).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 16, 2011

---

[5] The allegations are not very clear about who owns the Days Inn and Pilgrim Inn, but confusing language does not make an inference about "integration" any more plausible than does the mere allegation of affiliation. (See Second Am. Compl. ¶¶ 19-20, 23-25.)

11